**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Thomas Sharon, | Case No. 2:25-cv-00393-GMN-DJA |
| Plaintiff, | |
| v. | **Order** <br> **and** <br> **Report and Recommendation** |
| Cathy Dinauer, et al., | |
| Defendants. | |

This is a civil rights action.  Pro se Plaintiff Thomas Sharon—an Advanced Practice Professional Nurse—alleges that the Nevada State Board of Nursing and its board members have maliciously pursued disciplinary action against him.  Before the Court is Defendants Nevada State Board of Nursing, Cathy Dinauer, Sam McCord, Fred Olmstead, and Kerry Palikanis' motion to dismiss Plaintiff's complaint (ECF No. 21),[1] Plaintiff's motion to amend his complaint (ECF No. 30), and Defendants' motion to stay discovery pending the Court's decision on the motion to dismiss (ECF No. 32).  Because the Court finds that the five factors the Court analyzes in deciding a motion to amend weigh in favor of allowing amendment and because Defendants' futility arguments are better made in a renewed motion to dismiss, the Court grants Plaintiff's motion to amend and recommends denying Defendants' motion to dismiss as moot.  Because the Court recommends denying Defendants' motion to dismiss as moot, it denies Defendants' motion to stay without prejudice as moot.

---

[1] This motion has been referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(A).

I.    **Discussion.**

A.    *Amendment.*

"The court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).  The nonmovant bears the burden of showing why amendment should not be granted.  *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-v-1602-JCM-EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted.").

An amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense.  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  "Denial of leave to amend on [futility grounds] is rare.  Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."  *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted).  "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or a motion for summary judgment."  *Id.* (internal citations omitted).

Here, considering the liberal standards for allowing leave to amend and the fact that Defendants carry the burden of showing why amendment should not be granted, the Court grants Plaintiff's motion to amend.  Plaintiff's proposed amendment does not alter his claims, but

identifies individual Defendants rather than referring to the Defendants as a whole in the allegations supporting each claim. This is Plaintiff's first proposed amendment.

Defendants oppose Plaintiff's motion, arguing that the amendment is futile. However, the Court must apply liberal standards when deciding a motion to amend and denial of leave to amend on futility grounds is rare. Additionally, it is not clear that no set of facts could be proved under Plaintiff's amendment that would constitute a valid claim. The Court therefore finds that Defendants' futility argument is better developed through a motion to dismiss.

Defendants also argue that the amendment would cause undue delay because Defendants filed their motion to dismiss in March of 2025, but Plaintiff did not seek to amend his complaint until January of 2026. In reply, Plaintiff argues that this delay was due to "both parties…awaiting a ruling from the Court on Defendants' pending motion to dismiss…[during which] period, the case remained procedurally stayed in practical effect, with no scheduling order, discovery, or trial date in place." (ECF No. 40 at 3-4). Plaintiff is incorrect that the case was stayed pending a ruling on the motion to dismiss. So, Defendants have the better argument. But Plaintiff's delay appears to be attributable to his misunderstanding of how a case proceeds rather than bad faith and undue delay is only one of the factors the Court considers in determining a motion to amend.

Defendants also assert that they will be prejudiced by the amendment because they will be forced to litigate substantially similar claims as the original complaint that are just as meritless while the disciplinary hearing underlying Plaintiff's lawsuit is unnecessarily delayed. However, the Court does not find that continuing to litigate this case is undue prejudice, particularly because the claims have not changed significantly. And Defendants do not identify any harm that will come from the delay. The Court will therefore grant Plaintiff's motion to amend.

### B.      *Motion to dismiss and motion to stay.*

The Court recommends denying Defendants' motion to dismiss as moot given the Court's granting of Plaintiff's motion to amend. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (explaining that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent"); *see also Ramirez v. City of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (explaining that an amended complaint will also ordinarily moot a pending motion to

dismiss). Because the Court recommends denying the motion to dismiss, the Court further denies Defendants' motion to stay discovery without prejudice as moot.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 30) is **granted.** Plaintiff must file and serve the amended pleading as required by Local Rule 15-1(b).

**IT IS FURTHER ORDERED** that Defendants' motion to stay discovery (ECF No. 32) is **denied without prejudice as moot.**

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion to dismiss (ECF No. 21) be **denied as moot.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: January 23, 2026

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE